IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID RODRIGUEZ,

   Plaintiff,

v.                                                                         Case No. 3:20-cv-00282-DJN

HOPEWELL SCHOOL BOARD AND CITY
OF HOPEWELL, VIRGINIA,

   Defendants.

### REPLY BRIEF IN SUPPORT OF THE CITY OF HOPEWELL'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

#### I.  INTRODUCTION

David Rodriguez ("Rodriguez") has opposed the Motion to Dismiss filed by the City of Hopewell ("Hopewell"), by asserting that an analysis of his Amended Complaint would invite the Court to tread through "doctrinal quicksand" in assessing whether he plausibly stated a cause of action. To the contrary, Rodriguez has not alleged a claim based on "more subtle theories of stereotyping or implicit bias", but instead relies merely on speculation in alleging that he was subject to retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA") and for the "unlawful disclosure of medical information" under the ADA.

When viewed in the proper context, the Amended Complaint does not allege facts sufficient to plausibly support either claim against Hopewell. Indeed, the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## II. LAW AND ARGUMENT

A. **Rodriguez has not alleged a plausible cause of action for retaliation.**

Rodriguez agrees that a lengthy time lapse between a protected activity and an alleged adverse employment action negates any inference of causal connection between the two. [ECF Doc. 20, p. 5]. Yet here, we have just that. Rodriguez – a former Hopewell employee – is not claiming he was retaliated against while he was employed by Hopewell. Instead, Rodriguez claims he was subject to retaliation over four years after he retired from Hopewell.

Rodriguez tries to blunt this common sense causation analysis by referring to a 2003 Second Circuit opinion, claiming that the analysis is "less applicable" in failure-to-promote causes. [ECF Doc. 20, p. 5].[1] This, however, is not a failure-to-promote case. Moreover, the Second Circuit specifically noted that the plaintiff did not rely on temporal proximity as affirmative evidence of causation, but instead offered direct evidence of retaliatory animus." *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 384 (2nd Cir. 2003). Not only is *Mandell* not cited in the Fourth Circuit or in this District, it stands for the unremarkable position that there must be evidence of retaliatory animus in the absence of temporal proximity.

This is exactly the point Hopewell made in its motion to dismiss. Rodriguez must plead facts that support the assertion that Chief Keohane ("Keohane") harbored retaliatory animus against him, because of the 2014 complaint filed by Rodriguez. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007); [ECF Doc. 18, p. 6]. The Amended Complaint, however, does not do so.

---

[1] Rodriguez also cites a 2003 Fifth Circuit opinion, but that case also does not support the proposition that a lengthy time lapse does not negate an inference of causation. Instead, the Court focused on whether the Plaintiff had sufficient facts to support retaliatory or discriminatory animus. *Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002).

In his opposition brief, Rodriguez points to his allegation that he was not hired for a part-time position in 2016 and 2017, as providing the necessary causal connection for retaliation. Yet, just as with the Amended Complaint, Rodriguez has not supplied facts that would allow the Court to infer that Hopewell was motivated by retaliation for these decisions, let alone support an inference that in 2018 Keohane was acting in retaliation for Rodriguez's 2014 complaint against Whittington. The Amended Complaint does not allege facts that suggest who was hired for these positions, whether Rodriguez was more qualified than the person who was ultimately chosen, or under what circumstances the positions were filled. Rodriguez also does not allege facts to show who was responsible for these decisions or that these individuals even knew of his 2014 complaint. Instead, Rodriguez merely relies on speculation.

Similarly, Rodriguez's reliance on the allegation that he was not invited to Whittington's retirement party *in 2019* does not supply the necessary retaliatory animus to survive a motion to dismiss. Indeed, the conversation that Rodriguez allegedly had with Whittington in December of 2019, came over a year and a half after his application for a positon with the School Board. Further, Rodriguez only alleges in conclusory fashion that he was excluded from other police events, but does not support those conclusions with factual allegations identifying the events or the identity of the individual(s) responsible for this activity. In the end, he certainly does not allege that Keohane was responsible for these acts, and his conspiracy theory is not sufficient to state a cause of action for retaliation.

Ultimately, the facts alleged in the Amended Complaint negate any plausible inference that Keohane acted with retaliatory animus, because of Rodriguez's 2014 complaint against Whittington. Indeed, after the complaint, Whittington was issued written counseling pursuant to the police department's discipline policy. Thereafter, Rodriguez does not allege any retaliatory

3

action taken by Hopewell or Keohane for the remaining 2 years of Rodriguez's employment until his retirement in December of 2015. *c.f., Burke v. CHS Middle E., LLC*, No. 1:18-CV-01605-LO-JFA, 2019 WL 459022, at *4 (E.D. Va. Feb. 4, 2019) (cited by Rodriguez) (relying on retaliatory actions taken the month after plaintiff's sexual harassment complaint, and her transfer to a less desirable location one month after complaining of retaliation).

Then, over four years after Rodriguez complained about Whittington, and two and a half years after Rodriguez left his employment with Hopewell, Rodriguez alleges that Keohane retaliated against him after he applied for a job with the School Board. The Amended Complaint is devoid of facts that could support this assertion. *See, e.g., Gibson v. Old Town Trolley Tours of Washington, D.C., Inc.*, 160 F.3d 177, 181–82 (4th Cir. 1998) (holding the even though supervisor declined to complete plaintiff's reference form, there is no evidence that the employee said anything negative about Plaintiff or that he was motivated to act in retaliation for plaintiff's complaint.)

Without facts to support that Keohane maintained a retaliatory animus, Rodriguez attempts to avoid the deficiencies in his pleading by suggesting that a "cat's paw" theory could establish retaliation by imputing retaliatory intent to Keohane. The problem, however, is that Rodriguez still has not alleged facts that plausibly suggest anyone, let alone who, was motivated to retaliate because of the 2014 complaint or that Keohane somehow relied on this individual's retaliatory motives.

In the end, "only speculation can fill in the gaps in the complaint" to show that Keohane was somehow motivated by retaliatory animus and that Rodriguez was actually subject to retaliation, because of his 2014 complaint. *Lettieri*, 478 F.3d at 650. The Motion to Dismiss should be granted.

4

**B.     The Amended Complaint demonstrates that Rodriguez did not exhaust his administrative remedies for his non-disclosure claim.**

Rodriguez's argument can be stated simply, and accurately, as follows: an EEOC charge which alleges that an employer *retaliated* against the employee must be construed as charging unlawful disclosure of medical information if the *means of retaliation* involved disclosure of such information. That, however, is not the law.

Hopewell cited no fewer than six Fourth Circuit decisions and one decision of this Court which establish and illustrate the rule that a plaintiff's claim "generally will be barred if his charge alleges discrimination on one basis – such as race – and he introduces another basis in formal litigation – such as sex" or "if the administrative charge alleges one type of discrimination – such as discriminatory failure to promote – and the claim encompasses another type – such as discrimination in pay and benefits." [ECF Doc. 18, pp. 9-10]; *Chacko v. Patuxent Institution*, 429 F.3d 505, 509 (4th Cir. 2005). As discussed in the Hopewell's Brief, that is precisely the nature of this case. Rodriguez's EEOC charge alleged discrimination only on the bases of retaliation. Now, his Amended Complaint attempts to state a claim for "Unlawful Disclosure of Medical Information," which is a different "type" from the Charge that he presented to the EEOC.

Rodriguez asserts that his EEOC charge "corresponds directly with his allegations in his Amended Complaint." [ECF Doc. 20, p. 10]. Simply comparing the language of the Charge to the language of the Amended Complaint, as quoted on the same page of his brief in opposition, demonstrates the inaccuracy of that assertion:

- Plaintiff's EEOC charge states his "belie[f]" that the Hopewell Police Department "*retaliated against me* by disclosing information about my disability …."

5

- But Plaintiff's Amended Complaint alleges that "Hopewell *violated the ADA* by disclosing [his] medical information and status as an individual with a disability …."

(Emphases added.) Thus on the face of the two documents, Rodriguez's Amended Complaint obviously and undeniably alleges a different type of "discrimination" from what he stated in his EEOC charge.

Further, Rodriguez's citation to *Sydnor v. Fairfax County, Va.*, 681 F.3d 591, 594 (4th Cir. 2005), does not change this result for the reasons stated in Hopewell's brief in support of the motion to dismiss. Moreover, far from being a "tripwire for hapless plaintiffs", Rodriguez was represented by counsel in the EEOC. (Exhibit 1).[2] Therefore, the liberality accorded charges prepared by laypersons, acting *pro se*, cannot appropriately be applied here.

In the end, Rodriguez did not exhaust his administrative remedies and Count III should be dismissed.

**C.     There is no private right of action for violation of the ADA's nondisclosure requirement.**

Rodriguez dismisses the cases cited at pages 12-13 of Hopewell's Brief in Support of its Motion to Dismiss the Amended Complaint on the ground that they construed different statutes.[3] He seeks to avoid the point. Those cases describe the analytical process that must be employed to determine whether a statute creates a right of action by implication. (Rodriguez does not suggest, nor could he, that the ADA creates an *express* private right of action.)

---

[2] Rodriguez relies upon the EEOC's right to sue letter in asserting he has exhausted his administrative remedies. Accordingly, the court can review this letter without converting the motion to dismiss into a motion for summary judgment. *Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 618 (E.D. Va. 2011) (considering charge of discrimination on motion to dismiss for failing to exhaust administrative remedies).

[3] Plaintiff actually mentions only three of the eight cases cited in Hopewell's Brief. He dismisses the other five cases even more simplistically, as "so on *ad infinitum*." [ECF Doc. 20, p. 12].

There is a significant difference between the cases cited in Hopewell's Brief and the so-called "multitude of courts *holding* that there <u>is</u> such a cause of action for the violation of 42 U.S.C. § 12112(d)(3)(B)." [ECF Doc. 20, p. 12 (italics added)]. Each of the cases cited in Hopewell's Brief addresses the existence of implied private rights of action. *None* of the nine cases that Rodriguez cites (*see id*. at 12-14) actually addresses that question at all, much less the question whether, as stated in his brief, "there <u>is</u> such a cause of action for the violation of 42 U.S.C. § 12112(d)(3)(B)."[4] An appellate decision is not a precedent with respect to an issue that was not argued by the parties or decided by the court. While it appears that some Courts have assumed that there is a private cause of action for violation of the nondisclosure mandate, none of the cases cited by Rodriguez supports that argument.

Instead, Rodriguez studiously ignores the line of cases discussed in Hopewell's Brief. Hopewell respectfully submits that the application of the principles established in those decisions should compel a conclusion that there is no implied private right of action for a violation of the ADA's nondisclosure requirement.

### III. CONCLUSION

For the reasons stated, the City of Hopewell respectfully requests that the Court grant the Motion to Dismiss and dismiss the Amended Complaint against the City of Hopewell with prejudice.

---

[4] *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206 (11th Cir. 2010), is the only cited case that even acknowledges the question presented here, and there the court noted that "*[w]e have not yet decided* 'whether a plaintiff has a private right of action under 42 U.S.C. § 12112(d)(2).'" *Id*. at 1211 (citation omitted). The parties apparently did not argue that question; the issue addressed in the opinion was "whether … *a non-disabled individual* can state a private cause of action for a prohibited medical inquiry in violation of § 12112(d)," *id*. (emphasis added), *not* whether a private cause of action or right of action exists.

7

**CITY OF HOPEWELL, VIRGINIA**

By Counsel

/s/
Jeremy D. Capps (VSB No. 43909)
Counsel for City of Hopewell, Virginia
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com

## **C E R T I F I C A T E**

I hereby certify that on the 22nd day of June, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Tim Schulte, Esq. (VSB No. 41881)
> Blackwell N. Shelley, Jr., Esq. (VSB No. 28142)
> Shelley Cupp Schulte, P.C.
> 2020 Monument Avenue
> Richmond, VA 23220
> 804-644-9700 - Phone
> 804-278-9634 - Fax
> shelley@scs.law
> shelley@scs-work.com

> Stacy Haney, Esq. (VSB No. 71054)
> Haney Phinyowattanachip PLLC
> 11 S. 12th Street
> Suite 300 C
> Richmond, VA 23219
> 804-500-0301 - Phone
> 804-500-0309 - Fax
> shaney@haneyphinyo.com

Andrew P. Selman, Esq. (VSB No. 91060)
Haney Phinyowattanachip PLLC
11 S. 12th Street
Suite 300 C
Richmond, VA 23219
804-500-0303 - Phone
804-500-0309 - Fax
aselman@haneyphinyo.com

/s/
Jeremy D. Capps (VSB No. 43909)
Counsel for City of Hopewell, Virginia
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com